UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREA VARGAS,

            Plaintiff,

   v.

EVERGREEN PROFESSIONAL
RECOVERIES INC., *et al.*,

            Defendants.

CASE NO. 2:21-cv-00926-RSL-JRC

ORDER GRANTING REQUEST
FOR PROTECTIVE ORDER

    This matter is before the Court on referral from the District Court and on plaintiff's motion to allow her deposition to occur remotely in light of the COVID-19 pandemic. *See* Dkt. 25, at 1. Defendant Evergreen Professional Recoveries, Inc., objects to the motion. *See* Dkt. 26. The Court finds that plaintiff has shown adequate justification to allow a remote deposition and grants her motion under Federal Rule of Civil Procedure 30(b)(4).

**DISCUSSION**

    Under Federal Rule of Civil Procedure 30(b)(4), the Court may order that a deposition be taken by remote means. Generally, courts will liberally grant a Rule 30(b)(4) motion and look to

first, whether the movant has advanced a legitimate reason for a remote deposition and second, whether the opposing party has made a particularized showing that conducting the deposition by remote means would be prejudicial. *E.g.*, *Hernandez v. Bobst Grp. N. Am., Inc.*, No. 119CV00882NONESKO, 2020 WL 6063143, at *2 (E.D. Cal. Oct. 14, 2020).

Here, plaintiff has advanced a legitimate reason for a remote deposition. She cites health concerns related to the ongoing COVID-19 pandemic. She explains that she has been able to work remotely during the pandemic so far (*see* Dkt. 25-1, at 1) and that she has serious concerns about contracting COVID-19, including exposing older family members and household members with comorbidities (Dkt. 25-1, at 2). Plaintiff's attorney also expresses concern about engaging in a deposition behind closed doors for several hours, with at least five participants, and explains that he has vulnerable family members, too. *See* Dkt. 25-2, at 2.

As plaintiff notes, the COVID-19 pandemic has improved, but "improved" is not the same as "over." The pandemic is not over. An unprecedented surge in COVID-19 case numbers in this District has only recently abated. Indeed, on March 22, 2022, the Western District of Washington again extended a general order allowing remote proceedings for various criminal proceedings in light of the pandemic and public health and safety. *See* General Order 05-22. And on March 3, 2022, this Court lifted certain pandemic-related restrictions but nevertheless continued to recognize that "concern about personal health risks from exposure to the COVID-19 virus" renders a witness unavailable. *See* General Order 04-22, at 3. These orders reflect a cautious optimism in the face of recent improvement in case numbers but also that people continue to have legitimate concerns about exposing themselves and their families to COVID-19, regardless of vaccination status or a lack of comorbidities.

The Court turns to the prejudice that defendant Evergreen asserts. The last two years have rendered remote depositions "the new normal," as attorneys and litigants have adapted to new ways to practice law. *See Hernandez*, 2020 WL 6063143, at *2 n.1. Yet Evergreen asserts broad justifications for an in-person deposition that would apply to all remote depositions and that, if taken at face value, would eviscerate the rule allowing for remote depositions. For instance, Evergreen asserts that it has the right to evaluate plaintiff's body language and demeanor. But if this were enough to deny a request for a video deposition, it is unclear when a video deposition would be allowed. The Court further notes that although defense counsel suggests that other attendees would "presumably" wear masks, an in-person deposition with plaintiff wearing a mask would obscure her facial expressions even more than a remote deposition.

Evergreen also asserts that a remote deposition will not allow defense counsel to observe "subtle non-verbal communication between the witness and counsel[.]" Dkt. 26, at 3. The Southern District of New York has rejected similar rationale, giving the following persuasive reasoning:

> Plaintiffs next argue that during the depositions, [defense counsel] will attempt to "obstruct" questioning by consulting privately with witnesses and that the parties will likely make applications to the Court regarding objections. These scenarios—which remain hypothetical—plausibly arise during all remote depositions. And yet remote depositions are presumptively valid under the Federal Rules. . . . The Court assumes that the parties will work together to accommodate one another's reasonable requests in designing a remote videoconferencing setup to ensure transparency and professionalism.

*In re Terrorist Attacks on Sept. 11, 2001*, 337 F.R.D. 575, 579 (S.D.N.Y. 2020). Here, too, the attorneys are bound by the Washington Rules of Professional Conduct and are subject to discipline in this Court if they act improperly during a deposition. Moreover, plaintiff's counsel

1  has scheduled remote depositions of defendants' corporate representatives (*see* Dkt. 25, at 2
2  n.1.), and "[w]hat is good and manageable for one side is appropriate for the other." *PC-41 DOE*
3  *v. Poly Prep Country Day Sch.*, No. 20-CV-03628-DG-SJB, 2022 WL 420619, at *2 (E.D.N.Y.
4  Jan. 20, 2022). The Court expects counsel to cooperate—without the Court's intervention—to
5  fashion procedures for a remote deposition that abate such concerns.

6       Evergreen cites two district court cases as authority in favor of denying plaintiff's motion
7  in this matter. In *Rubio v. City of Visalia*, No. 121CV00286DADSAB, 2022 WL 193072, at *2
8  (E.D. Cal. Jan. 21, 2022), the Court denied a request for a remote deposition in light of
9  "extensive" precautions outlined by the defendant, who explained that defense counsel were all
10 fully vaccinated, the deposition would take place in a large conference room with social
11 distancing, and participants could wear masks. In addition, there was adequate time for parties to
12 vaccinate and self-quarantine before the deposition date. But here, counsel has not outlined all
13 the same extensive precautions (as noted above, defense counsel states that he will wear a mask
14 and that "presumably"—which appears to mean "hopefully"—so will other attendees). This
15 Court further does not agree with what appears to be the *Rubio* ruling's general disfavor for
16 remote depositions. As for Evergreen's other cited authority, *Reynard v. Washburn Univ. of*
17 *Topeka*, No. 19-4012-HLT-TJJ, 2020 WL 3791876, at *4 (D. Kan. July 7, 2020), this case
18 involved a plaintiff with multiple specific health concerns and is not helpful here.

19      Plaintiff alternatively brings her motion under Federal Rule of Civil Procedure 26(c)(1).
20 This rule provides that she may obtain a protective order if her attorney met and conferred with
21 defense counsel regarding the dispute and if plaintiff shows good cause for a protective order to
22 protect her from, among other things, "undue burden or expense." *See also Clinton v. Cal. Dep't*
23 *of Corr.*, No. CIVS051600LKKCMKP, 2009 WL 210459, at *5 (E.D. Cal. Jan. 20, 2009)
24

(explaining that while Rule 30 focuses on the prejudice that a remote deposition would impose on the nonmovant, Rule 26 focuses on the prejudice that an in-person deposition would impose on the movant).  The Court grants this motion under Rule 30, so that it is unnecessary to address Rule 26.  Even if the Court addressed the motion under Rule 26, the outcome would not differ.  *See Hernandez*, 2020 WL 6063143, at *4 (analyzing the matter under the Rule 30 analysis outlined above but granting the motion under Rule 26).

This ruling is not an indication that the Court intends to allow parties to use COVID-19 as *carte blanche* to avoid in-person depositions.  Such matters must be determined on a case-by-case basis.  However, under these circumstances and in light of what is only a recent improvement in COVID-19 case numbers in this District, the Court will grant plaintiff's motion.

## CONCLUSION

The motion for a protective order (Dkt. 25) is granted.

Dated this 23rd day of March, 2022.

J. Richard Creatura
Chief United States Magistrate Judge