UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREA VARGAS,

        Plaintiff,

v.

EVERGREEN PROFESSIONAL
RECOVERIES INC., *et al.*,

        Defendants.

CASE NO. 2:21-cv-00926-RSL-JRC

ORDER DENYING MOTION FOR RELIEF FROM DEADLINE

This matter is before the Court on referral from the District Court and on defendant Evergreen Professional Recoveries, Inc.'s ("Evergreen") motion for relief from the deadline to amend pleadings. *See* Dkt. 28. For the reasons discussed below, the Court finds that Evergreen has not shown good cause and denies the motion.

**DISCUSSION**

On August 20, 2021, the Court entered its scheduling order, setting the deadline for filing amended pleadings on October 15, 2021. Dkt. 12. Discovery is ongoing. The Court originally scheduled the discovery cutoff for March 31, 2022 (Dkt. 12), but in January 2022, the Court

granted Evergreen's unopposed motion to extend the discovery cutoff to May 30, 2022, in light of Evergreen's attorney's medical leave. *See* Dkt. 18, at 1. Plaintiff has recently filed two pending summary judgment motions. *See* Dkts. 34–35.

Plaintiff and Evergreen dispute the legal standard applicable to Evergreen's motion to amend the scheduling order. Evergreen argues that the Court looks to whether there was excusable neglect; plaintiff argues that Evergreen must show good cause. *See* Dkts. 28, 32. In fact, both standards apply. Evergreen must show "good cause" under Federal Rule of Civil Procedure 16 to have the scheduling order amended and, if it succeeds in doing so, it must demonstrate that its motion is proper under Federal Rule of Civil Procedure 15. *See, e.g.*, *Wag Hotels, Inc. v. Wag Labs, Inc.*, No. 20-CV-01326-BLF, 2021 WL 4710707, at *1 (N.D. Cal. Oct. 7, 2021) (explaining that these inquiries are not co-extensive).

The Court begins with Rule 16, which is dispositive of this motion. "[T]he focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Evergreen's attorney states that on November 12, 2021, when defendant Kaiser Foundation Health Plan of Washington ("Kaiser") responded to plaintiff's discovery requests, Evergreen first received a copy of an agreement that Evergreen and Kaiser had signed. *See* Dkt. 28-1, at 2; *see also* Dkt. 28. Evergreen had not provided this document to its attorney. *See* Dkt. 28-1, at 2. Evergreen's attorney states that upon review of this document, he concluded that it would support an affirmative defense to plaintiff's Fair Debt Collection Practices Act claims because the document showed an element of the defense—that Evergreen maintained procedures reasonably adapted to avoid a violation of the Act. Dkt. 28-1,

at 2–3. Evergreen's attorney also states that due to health issues, he did not realize the significance of this document until early March 2022. Dkt. 28-1, at 3.

Plaintiff argues that Evergreen has not shown good cause because in September 2021, plaintiff requested that Evergreen produce any agreements between it and Kaiser and Evergreen did not do so, objecting to the request as, among other things, seeking information not reasonably calculated to lead to the production of admissible evidence. *See* Dkt. 32, at 3. Plaintiff argues that Evergreen cannot show good cause when it does not explain why it did not provide the agreement to plaintiff (or Evergreen's own counsel) or why it was unable to locate the document. *See* Dkt. 32, at 4.

The Court agrees with plaintiff that Evergreen has not shown good cause to modify the scheduling order at this stage. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985). If the party seeking modification was not diligent in its pretrial preparations, the inquiry should end there, and the relief sought from the Court should not be granted. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, there is no explanation of why Evergreen did not earlier provide the agreement at issue to its counsel, particularly in light of Evergreen's representation in discovery objections that agreements with Kaiser would not have relevant evidence regarding plaintiff's claims. *See* Dkt. 32-1, at 5–6. Evergreen offers no explanation, despite bearing the burden of showing good cause, and leaves the Court to speculate whether the reason was carelessness or some other cause. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. The Court separately notes that although it is

sympathetic to Evergreen's attorney's health issues, it is concerning that it appears that defendant Evergreen did not seriously evaluate the claims against it until recently, when the Court denied defendant Kaiser's summary judgment motion.  *See* Dkt. 23.

For these reasons, the Court finds no excusable neglect.  Thus, there is not good cause to amend the scheduling order under Rule 16, and the Court need not reach whether amendment is appropriate under Rule 15.

The motion to amend the scheduling order is denied.  Dkt. 28.

Dated this 15th day of April, 2022.

J. Richard Creatura
Chief United States Magistrate Judge