UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREA VARGAS,<br><br>            Plaintiff,<br><br>    v.<br><br>EVERGREEN PROFESSIONAL RECOVERIES INC., *et al.*,<br><br>            Defendants. | CASE NO. 2:21-cv-00926-RSL-JRC<br><br>ORDER DENYING MOTION FOR RELIEF FROM DEADLINE |

This matter is before the Court on defendant Evergreen Professional Recoveries, Inc.'s ("Evergreen") motion for relief from the deadline for completion of discovery. Dkt. 45.

As it stands, the discovery completion deadline was May 30, 2022. Dkt. 18. The Court has denied a summary judgment motion filed by defendant Kaiser Foundation Health Plan of Washington ("Kaiser") (Dkt. 24), and the Court has directed the parties to file cross-summary judgment briefing that will be ripe for consideration on September 9, 2022. Dkt. 48.

Evergreen seeks permission to conduct a Fed. R. Civ. P. 30(b)(6) deposition of co-defendant Kaiser after the discovery cutoff. Dkt. 45, at 1. Evergreen's attorney states that he

sought to depose Kaiser beginning in April 2022 but "lost track of" his request to Kaiser's attorney and was unable to schedule a deposition before the discovery cutoff.  Dkt. 45-1, at 2.

Plaintiff, but not defendant Kaiser, opposes the motion.  Dkt. 46, at 2.  Plaintiff points out that the motion for relief from deadline is late (Dkt. 46, at 3) and that Evergreen had six weeks after first seeking a deposition of Kaiser until the discovery deadline yet failed to timely act.  Dkt. 46, at 4.  Plaintiff has already deposed Kaiser.  See Dkt. 46, at 2.

The Court observes that it has previously granted relief from scheduling order deadlines in this matter based on Evergreen's counsel's need for medical leave and the other parties' lack of opposition to the request.  See Dkt. 18.  The Court has also denied a request by Evergreen to amend the scheduling order and file an amended answer.  See Dkt. 36.

As the Court has previously warned Evergreen, in the context of whether there is good cause for relief from a scheduling order deadline, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The inquiry into good cause "primarily considers the diligence of the party seeking the amendment."  *Id.*

Evergreen's attorney cites health concerns through April 2022, but, as the reason for noncompliance with the May 30, 2022, discovery cutoff, gives only "personal distractions" and Kaiser's attorney's schedule as justification.  See Dkt. 45-1, at 2.  Evergreen's attorney also untimely filed the pending motion, as Evergreen not only filed the motion on the discovery cutoff, but the motion would not be ripe for the Court's review until after the date that Kaiser agreed to (June 2, 2022) and part way through the proposed deposition period that Evergreen gives (June 2 to June 17, 2022).  However, motions for relief from a deadline must be filed

1 | sufficiently in advance of the deadline to allow the Court to rule on the motion prior to the
2 | deadline.  *See* Local Civil Rule ("LCR") 7(j).
3 |      For these reasons, the motion for relief from deadline (Dkt. 45) is denied.
4 |      Dated this 30th day of June, 2022.

                                                      */s/ J. Richard Creatura*

                                                      J. Richard Creatura
                                                      Chief United States Magistrate Judge