1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

ANDREA VARGAS,

11

Plaintiff,

12

v.

13

EVERGREEN PROFESSIONAL
RECOVERIES INC., et al,

14

15

Defendant.

CASE NO. 2:21-cv-00926-RSL-JRC

ORDER GRANTING DEFENDANT
KAISER FOUNDATION HEALTH
PLAN OF WASHINGTON'S
MOTION FOR LEAVE TO AMEND
ANSWER

16

This matter is before the Court on referral from the District Court and on defendant

17

Kaiser Foundation Health Plan of Washington's ("Kaiser") motion for leave to amend its answer.

18

*See* Dkt. 53.  Defendant seeks to amend its answer to include certain affirmative defenses long

19

after the Court's deadline for amending pleadings and even after discovery has closed.

20

Nevertheless, as one noted jurist has said, "the law is here to follow the facts—not the other way

21

around."  Since cases should be decided on their merits and since the Court perceives no

22

prejudice to plaintiff caused by this amendment, the Court grants defendant's motion to amend.

23

24

ORDER GRANTING DEFENDANT KAISER
FOUNDATION HEALTH PLAN OF WASHINGTON'S
MOTION FOR LEAVE TO AMEND ANSWER - 1

1

**DISCUSSION**

2       On August 20, 2021, the Court entered its scheduling order, setting the deadline for filing

3   amended pleadings on October 15, 2021.  Dkt. 12.  Defendant first moved to amend its answer

4   on August 11, 2022.  The cut off for discovery was June 30, 2022. Dkt. 18.  Plaintiff filed

5   motions for partial summary judgment against both defendants on June 22, 2022, and defendants

6   filed cross-motions for summary judgment on August 10 and August 11, 2022. All of these

7   potentially dispositive motions are currently pending.  *See* Dkts. 49, 51, 52.

8       "[A] party may amend its pleading only with the opposing party's written consent or the

9   court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the

10  propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party,

11  futility of amendment, and whether the [party] has previously amended the complaint." *Johnson*

12  *v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Denial of leave to amend on this ground

13  [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a

14  proposed amended pleading until after leave to amend is granted and the amended pleading is

15  filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

16      It should also be noted that "[o]nce a district court has issued a scheduling order, FRCP

17  16 controls." *Actuate Corp. v. Aon Corp.*, 2011 WL 4916317, at *1 (N.D. Cal. Oct. 17, 2011).

18  Rule 16 provides that a scheduling order "may be modified only for good cause and with the

19  judge's consent." Fed. R. Civ. P. 16(b)(4). Kaiser must show "good cause" under Federal Rule of

20  Civil Procedure 16 to have the scheduling order amended and, if it succeeds in doing so, it must

21  demonstrate that its motion is proper under Federal Rule of Civil Procedure 15.  *See, e.g.*, *Wag*

22  *Hotels, Inc. v. Wag Labs, Inc.*, No. 20-CV-01326-BLF, 2021 WL 4710707, at *1 (N.D. Cal. Oct.

23  7, 2021) (explaining that these inquiries are not co-extensive).

24

ORDER GRANTING DEFENDANT KAISER
FOUNDATION HEALTH PLAN OF WASHINGTON'S
MOTION FOR LEAVE TO AMEND ANSWER - 2

1    A. Rule 16 Analysis

2         Kaiser acknowledges that it did not "rush[] into discovery" after October 15 and opted to

3    wait to conduct depositions until after the Court had ruled on its initial contract-interpretation

4    defense.   On April 5, 2022, during plaintiff's deposition, it learned for the first time that: (1)

5    plaintiff had settled the personal injury claim stemming from her 2016 motor vehicle collision,

6    and that (2) plaintiff acknowledged receipt of communications from Kaiser in 2016 and 2017

7    warning that she would be liable for Kaiser's expenses if she did not bill her PIP provider. Dkt.

8    53, at 2. As to the delay in bringing a motion to amend after the deposition, Kaiser explains:

9              Once [plaintiff] was deposed in April 2022 and made her admissions,
         [Kaiser] did act with reasonable diligence, which provides good cause for
10        allowance under Rule 16. [Plaintiff] had noted a motion for May 6, and [Kaiser]
         raised both new issues in its responsive briefing on May 2 and asked the Court to
11        allow consideration of the issues. [Kaiser] repeated its request in late May. [Dkt.]
         44 at 7. And again in its brief on August 11. [Dkt.] 52. Once the Court decided to
12        re-note the pending motions to September, and with discovery completed, there
         was no reason for [Kaiser] to file its motion for leave any earlier than when the
13        Court would next be beginning to look at the case. No harm was caused. No
         pending motions were affected. No more discovery was allowed or needed.
14
     Dkt. 55, at 5.
15
           In its original cross-motion for summary judgment, filed on May 2, Kaiser acknowledged
16
     that it had not raised the statute of limitations as an affirmative defense, but that "just a few
17
     weeks ago," plaintiff had "admitted she received the communications in question" and urged the
18
     Court to apply the limitation period "as a matter of law to the undisputed facts." Dkt. 39, at 10 n.
19
     2. Kaiser went on to state that asked that "in the alternative, [Kaiser] should be allowed to amend
20
     its Answer[.]" *Id.* In the same motion, Kaiser raised the issue of breach of contract, noting that it
21
     had become aware of the breach less than a month before. Dkt. 39, at 18.
22
           Plaintiff argues that Kaiser has not shown good cause, because it waited over four months
23
     from the time it learned this information until the time it moved to amend its complaint; and,
24

1    indeed, because nothing would have prevented Kaiser from asserting a statute of limitation

2    defense from the outset, given its awareness that it had sent plaintiff letters in 2016 and 2017.

3    Dkt. 54, at 5 n. 1. Plaintiff also argues that Kaiser cannot show good cause because all of the

4    briefing it has filed since April has incorporated these defenses without waiting for this Court's

5    approval to amend its complaint, and Kaiser could have moved to amend at any time after the

6    deposition.

7         The Court disagrees with plaintiff. First, Kaiser has shown good cause for not deposing

8    plaintiff earlier than April; not only that it first pursued summary judgment based on its

9    interpretation of the contract, but the Court also notes the parties' delay in deposing plaintiff due

10    to Evergreen's objection to a remote format, as well as the discovery deadline extension

11    warranted by Evergreen's attorney's medical leave. *See* Dkts. 18, 33. As to the nearly four

12    months' delay in bringing a motion to amend *after* the deposition, the Court is mindful of the

13    procedural history of this case in which plaintiff's motions for summary judgment, and Kaiser's

14    cross-motion, were both re-noted twice on the docket calendar. *See* Dkt. 48. The Court also notes

15    that Kaiser's attorney had previously notified the Court of his unavailability for about three

16    weeks across May and June. Dkt. 43. Kaiser has established good cause to amend its answer.

1  B. Rule 15(a) Analysis

2        Having shown good cause for bringing its motion to amend, Kaiser must establish that

3  the requirements of Rule 15 are met. Kaiser does not dispute that its deadline to file an amended

4  answer has long since expired. Excusable neglect is an equitable concept and is "remedial in

5  nature and…must be liberally applied. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262

6  (9th Cir. 2010) (citation omitted). "[A]bsent bad faith on the part of the movant or undue

7  prejudice to the other parties to suit, discretionary extensions should be liberally granted."

8  *Johnson v. Bay Area Rapid Transit Dist.*, 2014 WL 1395749, at *2 (quoting *Nat'l Equipment*

9  *Rental, Ltd. V. Whitecraft Unlimited, Inc.*, 75 F.R.D. 507, 510 (E.D.N.Y. 1977)).

10        To determine whether a party's failure to meet a deadline constitutes "excusable neglect,"

11  courts apply a four-factor test that weighs (1) the danger of prejudice to the opposing party; (2)

12  the length of the delay and its potential impact on the proceedings; (3) the reason for the delay;

13  and (4) whether the movant acted in good faith. *Ahanchian*, 624 F.3d at 1261 (citing *Pioneer Inv.*

14  *Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

15        "As [the Ninth C]ircuit and other [circuit courts of appeal] have held, it is the

16  consideration of prejudice to the opposing party that carries the greatest weight." *Eminence*

17  *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs, Ltd. v.*

18  *Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "Absent prejudice, or a strong showing of any of

19  the remaining [Rule 15(a)] factors, there exists a *presumption* under Rule 15(a) in favor of

20  granting leave to amend." *Id.* (citing *Lowery v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th

21  Cir. 1997)(emphasis in original)). Requiring an opposing party to defend a claim on its merits

22  does not constitute "prejudice" under the excusable neglect standard. *Smith v. Dzurenda*, 2021

23

24

WL 4301478, at *2 (D. Nev. 2021) (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000)).

Plaintiff cites three of the factors purporting to militate against granting Kaiser's motion: prejudice to plaintiff, the length of the delay, and the futility of the defenses. The Court addresses each in turn.

i. Danger of Prejudice

Kaiser asserts that plaintiff will suffer no prejudice if its motion is granted. Dkt. 53, at 3. The Court is persuaded of Kaiser's contention. Kaiser's proposed amended complaint adds two affirmative defenses: first, that plaintiff's claims are barred by the statute of limitations; second, that plaintiff's claims are barred by her own breaches of contract. Dkt. 53-1, at 7. Kaiser argues that adding these new defenses at this stage of the litigation would pose no prejudice because there is no new discovery required on either issue, as both stem from statements she made in her deposition: the statute of limitations defense "is entirely based on what she did and what she knew, or should have known, she had a claim[,]" while the breach of contract defense is based on plaintiff's 2020 personal injury settlement, revealed for the first time in her deposition.

Plaintiff, for her part, asserts that she will be prejudiced because she has already briefed her motions for summary judgment, and "[u]sing any of her 24 pages to address Kaiser's new legal theories is space which she cannot devote to the merits of the case which are properly before the Court." Dkt. 54, at 7. Plaintiff also asserts prejudice "generally, from her right to rely on the scheduling order in order to manage her (and her attorneys') workload, to having to incur the time and expense of dealing with an issue which need not exist at this stage." Dkt. 54, at 7. However, the law is clear that a party is not prejudiced merely by being required to defend a claim on its merits. *Smith*, 2021 WL 4301478, at *2. Nor can plaintiff show prejudice from being

1    required to address the substance of defendant's claim. This is particularly true when, as here, no

2    trial date has been set. Plaintiff's claim of prejudice fails.

3        ii. Length of Delay and Potential Impact on Proceedings

4        Plaintiff points to the length of Kaiser's delay in moving to amend nearly 10 months after

5    the passage of the deadline for filing amended pleadings. However, as discussed above, Kaiser

6    did not learn of the information giving rise to its affirmative defenses until April of this year,

7    shortly before plaintiff filed her motion for summary judgment. Upon the Court's order re-noting

8    the parties' motions for summary judgment, Kaiser filed its motion to be considered in advance

9    of the summary judgment motion. While a delay of three months in filing the motion is not ideal,

10   it is not dispositive here where plaintiff has not shown prejudice. Further, as discussed above, the

11   impact on proceedings is minimal. As stated above, the parties have completed discovery;

12   however, the Court has not yet set a trial date. Adding these affirmative defenses will not require

13   the plaintiff to engage in any new discovery.

14       iii. Futility

15       Finally, plaintiff asserts that Kaiser's proposed affirmative defenses are futile. As to the

16   statute of limitation, plaintiff avers that the CPA's four-year limitation period encompasses all of

17   Kaiser's conduct at issue, and the communications Kaiser sent in 2016 are a red herring. Dkt. 54,

18   at 8. However, plaintiff's CPA claim stems from Kaiser's position regarding her medical billing

19   that, as the deposition shows, plaintiff was aware of in 2016 and prior to June 2017. While

20   plaintiff is entitled to assert that she did not grasp the meaning of these communications, they

21   belie the assertion that Kaiser (and EPR) waited until June 2017 to seek payment of the full

22   amount in question.

23

24

1    As to the breach of contract defense, plaintiff argues that material breach of a contract is

2  only a valid affirmative defense in contract disputes, not CPA actions. Dkt. 54, at 9. Plaintiff,

3  again, does not address the substance of the issue. A key issue in this case is whether plaintiff

4  owes, or ever owed, a valid debt under the terms of her insurance contract. *See, e.g.* Dkt. 49. All

5  of plaintiff's claims against both parties stem from the common premise that it was impossible

6  for her to have ever owed any money to Kaiser at all. As the deposition statement shows,

7  plaintiff's receipt of a settlement implicates her responsibilities in the subrogation clause of her

8  insurance agreement, which affects her position that she never owed any money to Kaiser.

9    For these reasons, the Court finds that Kaiser has shown both good cause to depart from

10  the amendment deadline and met its burden under Rule 15 to justify the amendment.

11    The motion for leave to amend is granted. Dkt. 53.

12    Dated this 13th day of October, 2022.

13

14                    J. Richard Creatura
                      Chief United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANT KAISER
FOUNDATION HEALTH PLAN OF WASHINGTON'S
MOTION FOR LEAVE TO AMEND ANSWER - 8