UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA VARGAS,<br><br>    Plaintiff,<br><br>    v.<br><br>EVERGREEN PROFESSIONAL RECOVERIES INC., *et al.*,<br><br>    Defendants. | Case No. C21-926RSL-JRC<br><br>ORDER ADOPTING REPORT & RECOMMENDATION |

The Court, having reviewed the Report and Recommendation of Magistrate Judge J. Richard Creatura (Dkt. # 61), plaintiff's objections to the Report and Recommendation (Dkt. # 63), defendant's objections to the Report and Recommendation (Dkt. # 62), the parties' responses to the objections (Dkts. # 64 & 65), and the remainder of the record ADOPTS the Report and Recommendation.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which a party makes a specific written objection. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* The Court addresses defendant's objections and plaintiff's objections below.

**I.     Defendant EPR's Objections**

ORDER ADOPTING REPORT &
RECOMMENDATION - 1

1   Defendant Evergreen Professional Recoveries Inc. ("EPR") raises a number of objections
2   to the recommendation that plaintiff's motion for partial summary judgment be granted as to
3   plaintiff's Fair Debt Collection Practices Act ("FDCPA") claims against EPR. *See* Dkt. # 62.
4   However, defendant's objections appear to misconstrue the statutory structure of the FDCPA.
5   The subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f[1] (the statutes under which plaintiff
6   brings her claims, *see* Dkt. # 49 at 7-8), are not separate causes of action but simply "a non-
7   exhaustive list of examples of proscribed conduct." *Gonzales v. Arrow Fin. Servs., LLC*, 660
8   F.3d 1055 (9th Cir. 2011); *see Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994)
9   (analyzing FDCPA claims under § 1692e and § 1692f, explaining that "[e]ach of these
10  provisions includes a non-exhaustive list of examples of proscribed conduct"). Significantly,
11  plaintiff's motion for summary judgment asked the Court only to find that EPR had violated
12  § 1692e and § 1692f, noting that the subsections of these statutes "operate[] as . . . example[s] of
13  unlawful conduct and not a separate statute or cause of action." Dkt. # 49 at 7-8, 8 n.6. Thus, the
14  Court was not being asked to decide whether defendant's actions *also* constituted violations of
15  the specific examples enumerated in each statute's subsections.[2] Having reviewed the reasoning
16  of the Report and Recommendation and the relevant law, the Court ADOPTS the Report and
17  Recommendation's conclusion that EPR's actions within the statute of limitations, *see* 15 U.S.C.
18  §1692k(d), violate both statutes. *See* Dkt. # 61 at 8-12.

---

[1] Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

[2] The Court further notes that the practical significance of the number of FDCPA violations proved is unclear. While the statute instructs courts to consider "the frequency and persistence of noncompliance by the debt collector" in determining the amount of damages, 15 U.S.C. § 1692k(b)(1), federal courts have generally concluded that "[o]ne thousand dollars is the maximum award of [statutory] damages per action, not per violation." *Eckenrode v. Rubin & Yates, LLC*, No. C13-317GMN-PAL, 2014 WL 4092266, at *4 (D. Nev. July 28, 2014) (citing *Harper v. Better Business Servs., Inc.*, 961 F.2d 1561, 1564 (11th Cir. 1992)); *Garcia v. Armin, O'Conner & Boch, LLC*, No. C19-1882JGB, 2020 WL 13303718 (C.D. Cal. Dec. 3, 2020); *Kaloustian v. FarMar L. Grp., PC*, No. C21-2082JLS-JDE, 2022 WL 18397630 (C.D. Cal. Nov. 1, 2022).

ORDER ADOPTING REPORT &
RECOMMENDATION - 2

To the extent defendant argues that a violation of § 1692f cannot stand where the § 1692f claim is based on actions that also serve as the basis for another FDCPA claim, *see* Dkt. # 62 at 9-10, the Ninth Circuit has clearly held to the contrary. *See Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177-78 (9th Cir. 2006) (explaining that "one action can give rise to multiple violations of the Act"). However, the Court recognizes that the Ninth Circuit has instructed that "the fact that numerous violations of the FDCPA are predicated upon one set of circumstances should be considered and . . . is best considered during the calculation of damages." *Id.* at 1178 (citing 15 U.S.C. § 1692k(a)(1) & (2)(A) (limiting damages to the actual damages suffered by debtor and additional damages, not to exceed $1,000); 15 U.S.C. § 1692k(b)(1) (including "nature of . . . noncompliance" as factor to be considered when determining damages)).

Finally, as the Report and Recommendation explains, the FDCPA is a "strict liability statute." *Id.* at 1175. However, the statute provides for a "bona fide error defense," which operates as a "narrow exception to strict liability." *Id.* at 1176-77 (citing 15 U.S.C. § 1692k(c)). Having reviewed defendant's objections, the Court agrees with the Report and Recommendation's reading of *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006). *See* Dkt. # 61 at 11-12. Accordingly, the Court ADOPTS the Report and Recommendation's conclusions that (1) the bona fide error defense is an affirmative defense that defendant failed to plead and is therefore unavailable to EPR; and (2) even if the defense were available, EPR's argument would fail on the merits. *Id.* Accordingly, the Court ADOPTS the Report and Recommendation's reasoning and conclusion and grants plaintiff's motion for partial summary judgment (Dkt. # 49) as to plaintiff's Fair Debt Collection Practices Act ("FDCPA") claims against Evergreen Professional Recoveries Inc ("EPR").

**II.     Plaintiff's Objections**

Plaintiff raises a number of objections in response to the Report and Recommendation's conclusion that defendant Kaiser is entitled to summary judgment dismissal as to all of plaintiff's claims against it under the Washington Consumer Protection Act ("WCPA"). *See* Dkt. # 63. The Report and Recommendation found that all but one of plaintiff's claims against Kaiser

ORDER ADOPTING REPORT &
RECOMMENDATION - 3

under the WCPA were time-barred, as the claims arose "out of conduct that occurred well before the commencement of the four-year WCPA statutory limitation period." Dkt. # 61 at 3. The Report and Recommendation further concluded that plaintiff's sole remaining claim also failed, as it was "based on a novel theory that Kaiser should have better monitored EPR's debt collection effort [and] would require this Court to find Kaiser liable for conduct in which it had no part and is without merit." *Id.*

### A. Statute of Limitations

As an initial matter, plaintiff argues that she was not given an opportunity to meaningfully respond to Kaiser's statute of limitations defense, given that Kaiser moved to amend its Answer and include the defense well after plaintiff filed her consolidated motion for summary judgment, and Kaiser was not granted leave to amend by the Court until after briefing on the cross-motions for summary judgment had closed. *See* Dkt. # 63 at 3; *see also* Dkt. # 49 (plaintiff's motion for summary judgment filed June 22, 2022); Dkt. # 50 (Kaiser's motion for leave to amend filed August 11, 2022); Dkt. # 59 (Order granting leave to amend filed on October 13, 2022). Kaiser responds that it first raised the statute of limitations defense in its May 2, 2022 filing,[3] and "[s]ince that time . . . Plaintiff has submitted no less than 68 pages of briefing to the Court, including extensive briefing on the statute of limitations." Dkt. # 65 at 3. Notably, plaintiff raised similar arguments in her opposition to Kaiser's motion for leave to amend, which Judge Creatura ultimately found unpersuasive. Dkt. # 59 at 6-7 (noting that "the law is clear that a party is not prejudiced merely by being required to defend a claim on its merits" and citing *Smith v. Dzurenda*, 2021 WL 4301478, at *2 (D. Nev. 2021)).

Additionally, Kaiser argues that the Court should "decline to consider the new arguments Plaintiff raises in her Objection" noting that "[a]n objection to a Report and Recommendation from a magistrate is not an excuse to raise new theories a party failed to raise earlier." Dkt. # 65

---

[3] The Court also notes that in plaintiff's opposition to Kaiser's motion for leave to amend, she argued "that Kaiser cannot show good cause because all of the briefing it has filed since April has incorporated these defenses without waiting for this Court's approval to amend its complaint." Dkt. # 59 at 4. Thus, it is clear that plaintiff has been on notice of this asserted defense for quite some time.

ORDER ADOPTING REPORT &
RECOMMENDATION - 4

at 3-4. The Federal Magistrates Act provides that, in reviewing a report and recommendation, the district "judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(C). The Ninth Circuit has held that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). A district court is not required to consider "new arguments raised for the first time in an objection to a magistrate judge's findings and recommendation." *Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002). However, "in making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." *Howell*, 231 F.3d at 621-22. Given the unique procedural posture of the case, the Court will exercise its discretion to consider plaintiff's arguments concerning the statute of limitations defense.

However, plaintiff does not appear to raise new arguments in response to the Report and Recommendation's statute of limitations findings. Instead, plaintiff argues that her WCPA claim is not time-barred because the underlying "wrongful act"[4] is the collection lawsuit which occurred in 2021 (and/or Kaiser's execution of the assignment document, assigning the claim against Ms. Vargas to EPR, which occurred in 2018). Dkt. # 61 at 2-3. However, the Report and Recommendation explicitly acknowledged that this was the one action by Kaiser that was *not* barred by the statute of limitations. Dkt. # 61 at 18 (noting that the "2018 assignment agreement . . . [was] within the statutory limitation period"). Thus, plaintiff's arguments do not really go to the statute of limitations argument, but to the Report and Recommendation's conclusion that Kaiser actions within the statutory limitation period did not constitute an "unfair or deceptive act or practice." Specifically, plaintiff argues that "the May 29, 2018 permission from Kaiser for EPR to sue Ms. Vargas" and "Kaiser's failure to monitor or participate in litigation" constitute

---

[4] A WCPA claim requires a showing of (1) an unfair or deceptive practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the party in his or her business or property, and (5) which injury is linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 784-85 (1986).

ORDER ADOPTING REPORT &
RECOMMENDATION - 5

unfair or deceptive acts. *Id.* at 10-11. However, these arguments do little more than restate claims made in plaintiff's motion for summary judgment. Dkt. # 49 at 25-26. Having reviewed the objections, the Court ADOPTS the Report and Recommendation's conclusion that plaintiff has failed to demonstrate that the identified acts are "unfair or deceptive" as would be required for the first element of a WCPA claim. Dkt. # 61 at 19, 23.

### B. Violation of RCW § 48.01.030

Plaintiff also objects to the Report and Recommendation's conclusion that Kaiser did not breach the insurer's duty of good faith, RCW § 48.01.030 (a violation of which constitutes a per se violation of the WCPA, *see Peoples v. United Servs. Auto. Ass'n*, 194 Wn. 2d 771, 778 (2019)), when it denied her coverage for her medical care. Dkt. # 63 at 11-12. However, plaintiff's objections fail to address the Report and Recommendation's conclusion that the question of whether Kaiser's interpretation of the policy was "unreasonable," is "secondary to the operation of the WCPA statute of limitation." Dkt. # 61 at 21. Specifically, the Report and Recommendation concluded that "[p]laintiff has not alleged any action by Kaiser within the four years prior to the commencement of this action that would allow her claim to go forward," *id.*, and plaintiff fails to do so in her objections, *see* Dkt. # 63 at 11-12. Thus, the Court ADOPTS the Report and Recommendation's conclusion on this issue.

The Court accordingly ADOPTS the Report and Recommendation and GRANTS Kaiser's motion for partial summary judgment (Dkt. # 52).

### III.  Additional Conclusions of the Report and Recommendation

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Federal Magistrates Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Reyna-Tapia*, 328 F.3d at 1121. While no review is required by the Act in the absence of objections, the Act "does not preclude further review by the district judge[ ] sua sponte . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154; *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is

ORDER ADOPTING REPORT &
RECOMMENDATION - 6

filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court has reviewed the unobjected to portions of the Report and Recommendation, and adopts the reasoning and conclusions therein.

**IV.     Conclusion**

The Court, having reviewed the Report and Recommendation of Magistrate Judge J. Richard Creatura, the objections to the Report and Recommendation, and the remaining record, does hereby find and ORDER that the Report and Recommendation is ADOPTED.

Plaintiff's motion for partial summary judgment (Dkt. # 49) is GRANTED as to plaintiff's Fair Debt Collection Practices Act ("FDCPA") claims against Evergreen Professional Recoveries Inc ("EPR") and DENIED as to all other claims against EPR and Kaiser. EPR's motion for partial summary judgment (Dkt. # 51) is DENIED as to the FDCPA claim against it and GRANTED as to all other claims addressed therein. Kaiser's motion for partial summary judgment (Dkt. # 52) is GRANTED as to all claims addressed therein.

IT IS SO ORDERED.

DATED this 17th day of April, 2023.

Robert S. Lasnik
United States District Judge

ORDER ADOPTING REPORT &
RECOMMENDATION - 7