UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA VARGAS,<br><br>    Plaintiff,<br><br>    v.<br><br>EVERGREEN PROFESSIONAL RECOVERIES, INC. and KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>    Defendants. | Case No. C21-926RSL-GJL<br><br>ORDER ON STIPULATED MOTION |

This matter comes before the Court on the parties' joint stipulated motion (Dkt. # 68). In the motion, the parties ask the Court to (1) extend its recent summary judgment ruling, *see* Dkt. # 66, to dismiss plaintiff's outrage and civil conspiracy claims against defendant Kaiser on statute of limitations grounds; and (2) schedule an evidentiary hearing on plaintiff's claim for damages against defendant Evergreen Professional Recoveries, Inc.

**A. Dismissal of Plaintiff's Remaining Claims Against Kaiser**

In plaintiff's motion for summary judgment, she argued that she was entitled to summary judgment on her Washington Consumer Protection Act ("CPA") claims against defendant Kaiser. Dkt. # 49 at 12-25. Kaiser similarly addressed only plaintiff's CPA claims in its cross-motion for summary judgment. Dkt. # 52. Accordingly, Magistrate Judge Creatura's Report & Recommendation analyzed only those claims, finding that they were barred by the applicable four-year statute of limitations. Dkt. # 61 at 18-23; *see also id.* at 3 n.2 (noting that "Kaiser should remain a party to the action since it has not yet moved for summary judgment on

ORDER ON STIPULATED MOTION - 1

plaintiff's claims of outrage and conspiracy."). This Court adopted that recommendation and dismissed plaintiff's CPA claims against Kaiser. Dkt. # 66 at 3-7. The parties now ask that plaintiff's remaining claims against Kaiser – specifically her outrage and civil conspiracy claims – also be dismissed, as, under the reasoning of the Court's Orders, these "claims would be likewise barred by their . . . statutes of limitation." Dkt. # 68 at 2; *see also Doe v. State, Dep't of Soc. & Health Servs.*, 138 Wn. App. 1049, 1056 n.8 (2007) (noting that "[t]here is some disagreement in this state about whether outrage claims are governed by a three-year statute of limitations, RCW 4.16.080(2), or the two-year statute of limitations, RCW 4.16.100."); *Scheidler v. Ellerby*, 169 Wn. App. 1020, 1024 (2012) (noting that a claim for civil conspiracy has a three-year statute of limitations and citing to RCW § 4.16.080(2)). Accordingly, the remaining unadjudicated claims of plaintiff against defendant Kaiser Foundation Health Plan of Washington are DISMISSED with prejudice and without costs. This Order is a final order of all claims against Defendant Kaiser Foundation Health Plan of Washington.

### B. Plaintiff's Claim for Damages Against Evergreen

The Court now turns to the parties' request that the Court schedule an evidentiary hearing on the issue of damages as to plaintiff's Fair Debt Collection Practices Act ("FDCPA") claims against defendant Evergreen. Dkt. # 68 at 2. However, the Ninth Circuit and this Court have previously endorsed the view that a defendant is entitled to a trial on the issue of damages under the FDCPA. *See Gonzales v. Arrow Fin. Servs.*, 660 F.3d 1055 (9th Cir. 2011); *Johnson v. Columbia Debt Recovery, LLC*, No. C20-573RSM, 2021 WL 2472630 (W.D. Wash. June 17, 2021); *Howard v. Patenaude & Felix APC*, No. C21-686-LK, 2022 WL 4598089 (W.D. Wash. Sept. 30, 2022); *see also Adams v. Schumacher*, No. C13-2301-AC, 2015 WL 1538788 (D. Or. Apr. 7, 2015) (collecting cases). Accordingly, this Court will issue a scheduling order setting a trial on the issue of damages.

Although defendants indicated a request for a jury trial in the Joint Status Report, Dkt. # 11 at 5, the Court notes that no jury demand was filed in this case. *See* Fed. R. Civ. P. 38. "A party waives a jury trial unless its demand is properly served and filed." *Id.* 38(d); *see also id.*

ORDER ON STIPULATED MOTION - 2

39(b) ("Issues on which a jury trial is not properly demanded are to be tried by the court."). Thus, the issue of damages will be resolved by the Court. *Id.* 52.

IT IS SO ORDERED.

DATED this 11th day of May, 2023.

Robert S. Lasnik
United States District Judge

ORDER ON STIPULATED MOTION - 3